JOURNAL ENTRY AND OPINION
Robert Corna and Project House 2000 appeal from a common pleas court order denying their motion to vacate a $535,111.26 default judgment, contending the court lacked jurisdiction to enter the default judgment against them because Richard and Kathy Klein never obtained service on either of them. After a careful review of the record presented to us, we have determined Corna and Project House 2000 have never been served in this case; thus, we are obligated to vacate the default judgment against Corna and Project House 2000.
The record here reveals that on February 11, 1994, Richard and Kathy Klein filed suit against Robert Corna and Project House 2000, a corporation of which Corna is president, for breach of fiduciary duty, breach of contract, fraud, retention of fee, conversion, unjust enrichment, negligent infliction of emotional distress, negligent infliction of physical harm, loss of income, loss of consortium, lis pendens, and punitive damages, arising out of the construction of a new home in Moreland Hills, Ohio. The Kleins requested the clerk of court to serve the complaint by certified mail at 3700 Granger Road, in Bath, Ohio, an address where Corna formerly lived. At that time, however, Corna had moved to Sarasota, Florida, and thus, the postal service returned the certified mail marked "unclaimed." The Kleins never filed any subsequent request for ordinary mail service with the clerk of courts.
On August 8, 1994, however, the Kleins filed a motion for default judgment in the case and the court scheduled a hearing on the matter. The court sent notification cards to the 3700 Granger Road address and, again, the postal service returned them marked "forwarding order expired." On August 24, 1994, the Kleins filed an affidavit from Colleen Beitel, a paralegal employed by the Kleins' counsel, stating she had mailed the complaint to the 3700 Granger Road address.
The court then conducted a hearing on February 2, 1995, and entered a default judgment against Corna and Project House 2000 in the amount of $535,111.26 plus interest.
On August 12, 1998, Corna and Project House 2000 filed a motion to vacate the default judgment, which the court denied without a hearing. Corna and Project House 2000 now appeal from this decision and present two assignments of error, the first of which states:
 I. THE COURT ERRED IN VIOLATION DENYING THE MOTION TO VACATE THE DEFAULT JUDGMENT AS VOID AB INITIO WHEN THE COMPLAINT AND SUMMONS WERE NEVER SERVED.
Corna and Project House 2000 contend the court erred in denying their motion to vacate the default judgment urging that no service of the complaint had ever been made upon them. The issue before us, then, is whether the court should have vacated the default judgment.
We recognize initially that Corna's "motion to vacate" should properly be captioned as a motion for relief from judgment, which is governed by Civ.R. 60 (B), which provides in part:
 * * * On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (B); (3) fraud (whether herertofore denominated intrinsic or extrinsic) misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
Further, Civ.R. 3 (A) states in part:
 * * * A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * * (Emphasis added).
Civ.R. 4.6 (D) provides:
 * * * If a certified * * * mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record * * *. If the attorney * * * files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint * * * to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. * * *
The facts here reveal that upon filing the original complaint, the postal service returned the certified mail receipt marked, "unclaimed." In accordance with Civ.R. 4.6 (D), when this occurs, the clerk's obligation is to notify counsel of record who may then request ordinary mail service in an effort to perfect service in the case on all parties. The record reflects the clerk did in fact mail notice of the failure of service on Corna and Project House 2000 to counsel of record.
In this case, the record contains Corna's affidavit which states that he never received service of the complaint and that he, in fact, lived in Sarasota, Florida at the time. The Kleins presented an affidavit from a paralegal detailing an attempt to serve Corna and Project House 2000; however, the docket does not reflect any request by the Kleins' counsel to re-serve the original complaint which had been returned "unclaimed," nor does it contain any other address for Corna or Project House 2000 provided by the Kleins' counsel. Finally, we note the record contains numerous items the post office returned which had been addressed to Corna at the 3700 Granger Road address.
Thus, our analysis of the facts in this case reveals two problems presented by appellants: one, no one followed up on the postal notification of the "unclaimed" certified mail envelope, and two, in accordance with Civ.R. 3 (A), the Kleins never commenced this suit, because they never obtained service within one year from the February 11, 1994 filing date.
Thus, the Kleins failed to commence this action against Corna and Project House 2000, and neither Corna nor Project House 2000 appeared in the case nor participated as a party in the proceedings. Accordingly, the court had no jurisdiction to render a judgment against them, and on this basis, Corna and Project House 2000 are entitled to relief from judgment. For this reason, we have concluded the court erred in failing to grant their motion, and this assignment of error is well taken.
Corna and Project House 2000's second assignment of error states as follows:
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONDUCT AN ORAL HEARING.
Because our determination of the first assignment of error renders this assignment of error moot, we decline to address it. See App.R. 12 (A) (1) (c)
Accordingly, we vacate the default judgment entered in this case and remand the matter to the trial court for further proceedings.
Judgment vacated. Matter remanded.
Default judgment vacated and matter remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., PATRICIA A. BLACKMON, J., CONCUR
 ______________________________ PRESIDING JUDGE TERRENCE O'DONNELL